NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK L. DARDEN,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-3348

D.C. No.
3:24-cv-05617-GJL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Argued and Submitted July 9, 2026
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Claimant Patrick Darden timely appeals the district court's decision to

reverse and remand for further proceedings the decision of an Administrative Law

Judge ("ALJ") denying his application for disability insurance benefits. Claimant

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

seeks a remand for an award of benefits or, in the alternative, reassignment to a different ALJ. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by remanding for further proceedings. See Washington v. Kijakazi, 72 F.4th 1029, 1041 (9th Cir. 2023) (stating the standard of review and describing the conditions under which a remand for further proceedings is appropriate).

a. The district court determined, and the parties agree, that the ALJ erred by finding that Claimant could perform certain semi-skilled occupations without finding that he has transferable skills. But that error does not, in itself, justify an award of benefits. "The touchstone for an award of benefits is the existence of a disability, not the agency's legal error," Brown-Hunter v. Colvin, 806 F.3d 487, 495 (9th Cir. 2015), "no matter how egregious," Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011). Even if, on remand, the ALJ finds that Claimant has no transferable skills, it is not clear from the record that the ALJ would be unable to identify sufficient unskilled occupations that Claimant could perform. See Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004) (stating that an award of benefits is appropriate if "there are no outstanding issues that must be resolved and it is clear from the record that [the claimant] is entitled to benefits").

b. Claimant argues that, in addition to the step-five error that the district court identified, the ALJ erred by discounting his testimony, the testimony of lay

2

witnesses, and the opinions of his medical providers. Assuming, without deciding, that the ALJ erred by rejecting certain evidence, the district court did not abuse its discretion by remanding for further proceedings because of conflicts between medical opinions in the record. See Washington, 72 F.4th at 1042 (affirming the district court's remand for further proceedings where it "properly identified contradictory evidence in the record," including "conflict between [the claimant's] treating doctor and the consulting medical expert").

2. The district court did not abuse its discretion by denying Claimant's request for reassignment to a different ALJ. See Bunnell v. Barnhart, 336 F.3d 1112, 1114–15 (9th Cir. 2003) (stating the standard of review and describing the requirements for disqualifying an ALJ). The statistics that Claimant proffers do not show "actual bias." Id. at 1115.

**AFFIRMED.**